UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEREMY GODSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. |
| | ) |
| AMERICARE AMBULANCE SERVICES, LLC., | ) 1:10-cv-394 LJM-DML |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Jeremy Godsey ("Godsey"), brings this Complaint against Defendant, Americare Ambulance Services, LLC ("Defendant"), for unlawful retaliation in violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 et. Seq.

## PARTIES

2. Godsey resided in the state of Indiana at all times relevant to this action.

3. Defendant maintained offices and conducted business in the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343, and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Godsey is a qualified individual with a disability as that term is defined by 42 U.S.C. §12102(c)(2). At all relevant times, Defendant knew of Godsey's disability and/or

regarded Godsey as being disabled.

7. Godsey satisfied his obligation to exhaust his administrative remedies having timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful retaliatory conduct. Godsey received a notice of suit rights and files the instant matter within ninety (90) days of receipt thereof.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana. Therefore, venue in this court is proper.

## FACTUAL ALLEGATIONS

9. Godsey sought a position with Defendant in May and June 2009.

10. Godsey was hired by Defendant, was given documents to complete as a new employee, and was given a protocol handbook to study.

11. Godsey had previously filed a charge of disability discrimination against his former employer, SEALS.

12. After Defendant hired Godsey, it learned of Godsey's protected activity. Defendant learned of Godsey's activity on June 11, 2009.

13. Thereafter, on June 12, 2009, Defendant rejected Godsey as an employee and would not discuss his status further with him.

14. Johnny Black ("Black") was the DHR (Human Resources) for Defendant in June 2009.

15. Robert Johnson ("Johnson") was the Station Manager of Defendant's Muncie location in June 2009.

16. Ken Jackson ("Jackson") was the chief Operating Officer and co-owner of

Defendant in June 2009.

17. Amber Privett ("Privett") was the Paramedic Supervisor in June 2009.

18. In June 2009, Defendant actively recruited EMTs, drivers, and a paramedic. Defendant ultimately hired a non-disabled paramedic who in July 2009.

19. All paramedics work at the Muncie Station.

20. The Muncie Station always needed paramedics and hiring paramedics was a continual process. It was Johnson's opinion that at least two (2) paramedics were needed and that another would quit.

21. Johnson would have hired Godsey if his references "panned out." Black was responsible for checking Godsey's references. Godsey's references did, in fact, "pan out."

22. Privett was involved in the selection process. Privett wanted to hire Godsey as a paramedic. Black told Privett that Godsey did not clear his reference checks.

23. Black told the EEOC that she did not think Godsey would want the job because he was already employed, and, alternatively, that she didn't know why Godswy was not offered a position.

24. Various agents of Defendant have provided conflicting explanations as to its hiring process, its need for paramedics, and the reasons Godsey was not offered a position.

25. Based on the foregoing evidence, the EEOC found cause to believe that Godsey's rights afforded by the ADA were violated.

## LEGAL ALLEGATION - ADA RETALIATION

26. Godsey hereby incorporates paragraphs 1 - 25 of this Complaint.

27. Defendant violated Godsey's rights as protected by the Americans with

3

Disabilities Act, 42 U.S.C. §12101 et. seq. by failing to hire him for the position of paramedic or EMT in June 2009 because he engaged in activity protected by the ADA.

28. Defendant's actions were intentional, willful, and in reckless disregard of Godsey's rights as protected by the ADA.

29. Godsey was harmed by Defendant's unlawful conduct.

## VI. Requested Relief

WHEREFORE, Plaintiff, Jeremy Godsey, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Punitive damages for Defendant's violation of the ADA;

5. All costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: _____
Andrew Dutkanych III, Attorney No. 23551-49
Christopher S. Wolcott, Attorney No. 23259-32
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1002
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
cwolcott@bdlegal.com

*Attorneys for Plaintiff, Jeremy Godsey*

## DEMAND FOR JURY TRIAL

Plaintiff, Jeremy Godsey, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: _____
Andrew Dutkanych III, Attorney No. 23551-49
Christopher S. Wolcott, Attorney No. 23259-32
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1002
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
cwolcott@bdlegal.com

*Attorneys for Plaintiff, Jeremy Godsey*